**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 4 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BEATRICE AKINYI RAJWAYI, | No.   18-70945 |
| Petitioner, | Agency No. A099-869-550 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 9, 2021
San Francisco, California

Before:  BERZON, CHRISTEN, and BADE, Circuit Judges.

Beatrice Rajwayi petitions for review of the Board of Immigration Appeals'

("BIA's") denial of her motion to reopen her removal proceedings. We deny the

petition.

1.     The BIA did not abuse its discretion in holding that even if Rajwayi's

motion to reopen were considered timely filed, the motion would be denied

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

because Rajwayi had not shown that a different outcome may be warranted if reopening were granted.

The immigration judge ("IJ") determined that Rajwayi was not credible because, among other things, she submitted a fraudulent newspaper page and testified that she had downloaded the page from the newspaper's website. In her motion to reopen, Rajwayi sought to present (1) a psychological evaluation finding that Rajwayi suffered from post-traumatic stress disorder ("PTSD") and opining that her false testimony was attributable to "her disturbed mental state" and (2) an affidavit offering an alternative explanation for how Rajwayi obtained the fraudulent newspaper page.

The BIA did not abuse its discretion in finding that the psychological evaluation did not sufficiently address Rajwayi's testimony concerning the newspaper page. Rajwayi's testimony about how she obtained the newspaper page was coherent, extensive, and detailed, and did not exhibit any lack of memory or confusion. She became uncertain and confused only when she was presented with evidence establishing that the newspaper page had been falsified. The BIA did not abuse its discretion in concluding that the description in the psychological evaluation about how PTSD would affect Rajwayi's mental state did not persuasively explain the original, disproven testimony.

Absent any pertinent explanation as to why she testified untruthfully

originally, and even taking as true the information in the affidavit regarding how Rajwayi obtained the fraudulent newspaper page, *see Bhasin v. Gonzales*, 423 F.3d 977, 987 (9th Cir. 2005), the new explanation for how Rajwayi obtained the page does not change the IJ's determination that her initial story was untrue. Therefore, the affidavit would support rather than detract from an adverse credibility determination, and so provided no possibility that the credibility determination would be different were the proceedings reopened.

2.      Because the BIA did not abuse its discretion in holding that Rajwayi had not shown that a different outcome may be warranted if reopening were granted, we need not address the issue of whether equitable tolling applied to the motion to reopen.

**PETITION DENIED.**